IN THE UNITED STATES
DISTRICT COURT OF MARYLAND

MICHELLE DAVIS
6408 Rosemont Ave.
Baltimore, MD 21206

    Plaintiff,

V.                                          CIVIL ACTION NO

MRS BPO, L.L.C.
A/K/A MRS ASSOCIATES
1930 Olney Ave
Cherry Hill, NJ 08003

    Defendant.                                  December 3, 2015

COMPLAINT

I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 U.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Baltimore, MD.

4. At all times material hereto, Defendant was doing business in Maryland.

5. At all times material hereto, Defendant, MRS BPO, L.L.C., A/K/A "MRS Associates" was acting like a debt collector with a principal place of business located at 1930 OLNEY AVENUE CHERRY HILL, NJ 08003.

6. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

7. On or about August 6, 2015, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent credit card account. .

8. Defendant stated the amount due and owing was $1,621.58.

9. Defendant failed to communicate clearly and fairly information about the amount of the debt to the Plaintiff. This includes how the total amount due was determined, by failing to break down the amount due into principal, interest, finance and other charges.

10. The FDCPA requires the Defendant (debt collector) to state the total amount due, interest and other charges as well as principal on the date the dunning letter was sent.

## V. DEFENDANTS' PRACTICES

11. It is or was the policy and practice of Defendant to communicate with Maryland consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead consumers in violation of the FDCPA §1692e.

## VI. ALLEGATIONS OF LAW

### A. General

12. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

13. At all times material hereto, "Chase Bank USA N.A.", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

14. At all times material hereto, the amount purportedly owed to "Chase Bank USA N.A." represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

### A. Unlawful Claim

15. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

16. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

17. Plaintiff is entitled to an award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;
2. An award of costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;
3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 673
Blairsville, GA 30514
Ph  (443) 607-8901
Fax (443) 440-6372
Fed. Bar # Md26843
bernardtkennedy@yahoo.com